JANE TRIPP, *v.* HIRAM IDE ET AL.

Until conveyance in due form to the purchaser at an auction of lands sold by a mortgagee pursuant to a power in his deed, the legal title remains in the mortgagee, and he may maintain an action of trespass and ejectment for the lands.

When it was in proof, that at and before the execution of a deed of lands, it was agreed between the parties, that in a certain contingency the consideration money should be refunded, and the deed be surrendered and cancelled; and also in proof that afterwards this agreement was performed: *Held*, that the grantor was divested of his title by the delivery of the deed, and that to revest it, a conveyance, according to the statute, was necessary.

In trespass and ejectment, the plaintiff, to entitle himself to a verdict, must show an existing title in himself, and a right to the immediate possession under it.

Where, as a foundation of a title, a deed of a Tax Collector was exhibited, in which the premises were described in these words: "All the estate, right or title the owner or owners had on the 31st of August last past, in and to a certain lot of land and buildings in said North Providence, and being taxed in the name of Hiram Ide, which tax was assessed on the 31st day of August, A. D., 1849, and at the day of sale aforesaid, was unpaid, viz., being about ten acres of land on the easterly side of the road that leads from Olneyville to Triptown; for a further description reference is had to a certain mortgage deed given to William Angell, which mortgage is recorded in the North Providence Registry of Deeds, book 8, page 228:" And it was shown that said page 228, contained no record of a deed to said Angell; and that the lists of the Assessors of North Providence afforded no information whatever as to the location or character of the lands taxed in the name of Henry Ide; and that the Collector's notification of the sale was merely that he should sell "so much of the estate as stands taxed in the name of Henry Ide, as will pay," &c. &c,; *Held*, that the deed was altogether void for vagueness in the description of the premises intended to be conveyed.

Jane Tripp *v.* Hiram Ide et al.

THIS was an action of trespass and ejectment, brought to recover possession of a lot of land and estate in North Providence, and which by the parties was submitted to the Court upon the law and the facts. The facts of the case, and the positions contended for by counsel, are stated in the opinion of the Court.

*Tillinghast & Bradley* for plaintiff.

*Sanford, Potter* and *Manchester* for defendants.

STAPLES, C. J. It was admitted that Hiram Ide, one of the defendants, was owner of the demanded premises on the 7th day of May, 1847,—that on that day, and on the 7th day of January, 1845, and on the 15th day of October, 1846, and on the 30th day of August, 1847, he executed four several mortgages of said premises to William Angell, all of which mortgages were on the 7th day of September, 1849, duly assigned to the plaintiff. It was also admitted that the defendants were in possession of the demanded premises.

The defendants objected to the plaintiff's title, and showed that pursuant to a power of attorney attached to said mortgages, the plaintiff advertised the premises for sale at public auction on the 12th September, 1850; that at said auction, one part of said premises was struck off to Barney Trainer, who subsequently transferred his bid to Seril W. Clemence, one part to Guilford Slack, one part to Thomas G. Hazard, and one part to William White; that the plaintiff, as attorney of said Ide, executed a deed to said Clemence of the part so purchased by him, received a part of the purchase money in cash, and a mortgage on the same premises for the balance of

Jane Tripp *v.* Hiram Ide et al.

the purchase money; and that said Clemence, after the execution of said deed, exercised acts of ownership over said premises, but his right to the possession thereof was denied by Abby T. Millard, one of the defendants. It was also proved, that at and before the execution of the deed and mortgage aforesaid, it was agreed between said Clemence and the plaintiff, that in case there should be any difficulty about his said Clemence obtaining the possession of said premises under his deed, the deeds should be delivered back and cancelled; and that in pursuance to said agreement, on the 8th of April, 1851, the deeds were delivered back, the purchase money paid by him refunded, and he was paid for his trouble and expenses.

The defendants contended, that by the said sale, at auction, the plaintiff parted with her title to all the premises sued for; that the sale at auction vested the title in the several purchasers, and further, that at any rate, the making of the deed to Clemence vested the estate described in it in him which could not be divested by the cancellation of the deeds, but only by a reconveyance.

The sale at auction did not vest the legal title of the estates in the several purchasers. That could be done only by deed under seal, duly acknowledged and recorded. As to three parts of the estate, there was no proof that any such deeds were ever made. The purchasers have taken no steps to compel the plaintiff to make them a legal title. What right of action the neglect of the plaintiff may confer on Ide, in whose name she was acting, we need not consider. If he suffered any injury by her wilful negligence or careless misconduct, she may have made herself liable to him for it. That matter is not now before the Court. Sufficient for this case is it

that she did not divest herself of her legal title in these three parts of the demanded premises.

As to the part purchased by Clemence, the position of the defendant is certainly correct, that if she made and delivered a deed to him, the estate could not be revested in her by the cancellation of her deed. But at the time she gave him a deed she received back from him a mortgage of the same premises. If the deed were perfected by delivery, so also was the mortgage back; and if the subsequent cancellation of the deed did not revest the estate in her, neither did the subsequent cancellation of Clemence's mortgage divest the plaintiff of her title under it. So that at the commencement of this suit, the plaintiff had a title to the whole demanded premises, either under the mortgages given by Ide to Angell, or partly under them, and also under the mortgage deed from Clemence.

The defendants offered evidence of a title to the whole premises in Abby T. Millard, one of the defendants. They produced a deed to said Millard from the Mechanics and Manufacturers Bank, made under a decree of this Court, dated January 5, 1854. This deed releases and quitclaims to said Millard " all the right, interest, title, property, and estate which said corporation has or holds in and to that certain real estate, and all thereof named and described in a certain deed from G. L. Spencer, collector, to one Albert W. Snow," " the said corporation hereby conveying to the said Abby, her heirs and assigns, all the right, title and interest in and to said real estate, which it, the said corporation, derives from the said Albert W. Snow, by force of a certain conveyance or of certain conveyances," &c.

They also produced a deed from Gideon L. Spencer,

collector of taxes of the town of North Providence, to said Albert W. Snow, who is described in it as the highest bidder at a public auction of the estate held on the 13th day of March, 1850." This deed describes the estate conveyed by it as "all the estate, right or title, the owner or owners had on the 31st day of August last past, in and to a certain lot of land and buildings in said North Providence, and being taxed in the name of Hiram Ide, which tax was assessed on the aforesaid 31st day of August, A. D. 1849, and at the day of sale aforesaid, was unpaid for, being about ten acres of land on the easterly side of the road that leads from Olneyville to Triptown; for a further description, reference is had to a certain mortgage deed given to William Angell, which mortgage is recorded in the North Providence registry of deeds, book 8, page 228." This deed bears date March 23, 1850.

There is a memorandum indorsed on this deed in the following words:

"PROVIDENCE, August 23, 1850.—Having received of Abby T. Millard the amount of the within tax, I hereby transfer all my right, title and interest in and to the within named described estate, to the said Abby T. Millard, her heirs and assigns.
                    (Signed,)                    ALBERT W. SNOW.

After the making of this memorandum, said Snow made a conveyance of all his real estate to said Mechanics and Manufacturers' Bank, and this memorandum not being under seal, said Millard commenced a suit in equity against said bank to compel a conveyance of the legal estate to her; in which she obtained a decree for a deed to her from said bank, which deed is herein before referred to.

No question was made as to the execution of these deeds.

The defendants contended that they vested in Abby T. Millard a perfect estate in fee simple, in the lands described therein, that they were the same premises described in the plaintiff's declaration, and that the title conveyed by them was the title of the owner or owners of the same at the time the tax was assessed, discharged of the mortgages which constitute the plaintiff's title.

In reply to this, the plaintiff contended, that if the deeds aforesaid did vest in Abby T. Millard, the title which the defendants contended for, in the demanded premises, it will not avail the defendants in the present action, inasmuch as the two defendants have joined in pleading the general issue: that although the title set up under them might be a good defence to Abby T. Millard, it is no defence to Hiram Ide, and so being bad as to one, is bad as to both.

It is quite immaterial where the title to the demanded premises is, if it be not in the plaintiff. The possession of the defendants cannot be disturbed except by one who has the title. The plaintiff cannot recover possession by the weakness of the defendants' title, but by the strength of her own. She is bound to show an existing title in herself, and a right to the immediate possession under it. If these conveyances, then, prove a title in Abby T. Millard, they disprove the plaintiff's title, and so will avail both of the defendants, not by showing that they have a right to the possession, but that the plaintiff has none.

It is true that a special plea in bar in justification by two or more defendants, which is bad as to one, is bad as to all. So it is with the general issue, when jointly,

pleaded by more than one defendant, and when the defence set up under it is good for only one. 1 Chitty on Pleadings, 545, and cases there referred to. Also, 2 Cowen, 426 ; 7 Cowen, 330 ; 2 Caines, 148.

But in all such pleas and defences, the defendants rely for their justification on a fact which they themselves set up. They admit the plaintiff's right to recover against them all, but for that fact, whatever it may be. The excuse or justification set up, is the excuse or justification of one only. In such cases, therefore, the attempt is to•make that which is a valid excuse or justification of one of the defendants a valid excuse or justification for all the defendants, and it is not an answer to the plaintiff's case.

The plaintiff further contended, that the deeds produced by the defendants, do not convey the demanded premises, but that they are wholly inoperative and void by reason of the vagueness in the description of the premises intended to be conveyed.

This objection we consider is well founded. Though the deeds are regularly executed with all the formalities required by law, the description of the premises purported to be conveyed is so vague and uncertain, that we cannot say that it applies to the demanded premises, or in fact to any other.

The memorandum on the back of the collector's deed to Snow, purports to convey the right, title and interest which Snow had at the time in the estate described in said deed.

The deed from the Bank conveys to Millard only the right, title and interest which the Bank had by virtue of

a conveyance from Snow in and to the real estate described in the deed from Spencer, collector, to Snow.

The deed from the collector to Snow conveys " a certain lot of land and buildings in said North Providence, and being taxed in the name of Hiram Ide, viz., being about ten acres of land on the easterly side of the road that leads from Olneyville to Triptown; for a further description reference is had to a certain mortgage deed given to William Angell, which mortgage is recorded in the North Providence registry of deeds, book 8, page 228."

It is impossible by this description alone to determine that the collector intended to convey the premises described in the plaintiff's declaration, or what he did convey.

The assessors' lists in North Providence were produced. They contained no description of the property " taxed in the name of Hiram Ide." The entry there is " Hiram Ide, $2500. $2500. $6,25. $6,25:" meaning, according to the explanation accompanying the list, that Hiram Ide is a tax payer in North Providence—that the real estate for which he is taxed was valued at $2500—that the whole estate for which he was taxed was valued at $2500; that the tax on his real estate was $6 25, and that $6 25 was the whole tax which he was bound to pay.

" The road from Olneyville to Triptown" can be readily found. But no indication is given on what part of " the easterly side thereof" are these premises situate, whether next to Olneyville, or next to Triptown, or midway between them.

A transcript from the " North Providence registry of deeds, book No. 8, page 228," was produced. But there

Jane Tripp *v*. Hiram Ide et al.

was not there recorded "a certain mortgage deed to William Angell" or any deed to William Angell, or any deed from William Angell, or any reference to any deed to or from William Angell.

The notice of the intended sale set up by the collector was also produced. That is as uncertain and vague as the deed itself. He advertised to sell "so much of the estate as stands taxed in the name of Hiram Ide as will pay a tax, &c.

That the collector intended to convey something is probable; but we cannot say from inspection of the deed, the tax bill, or the notice, that he did convey the premises demanded in the plaintiff's declaration, but that the same is altogether void for vagueness in the description of the premises intended to be conveyed.

The plaintiff must therefore have judgment for possession of the demanded premises with costs.

At the trial, the plaintiff suggested other defects in the defendants' title under the collector's deed, involving a construction of the act entitled an act regulating the assessing and collecting of taxes. But as said act has since said trial, been repealed by the Legislature, and as the case between the parties is definitely disposed of, by the opinion above expressed, we have not deemed it necessary to go into a consideration of the other points made by the plaintiff.